MR. JUSTICE WEBER:
I respectfully dissent from the application of our declaratory judgment law to the facts of this case. This is an ideal case for a declaratory judgment.
*527 The plaintiffs contend that the right of first refusal summarized in the majority opinion is void as an unreasonable restraint on alienation. Deposition testimony shows that the right of first refusal was intended to keep the ranch property in the family. Because the first refusal right descends to the spouse and descendants of a deceased party and terminates only upon the death of the last named party, there are 39 people who potentially have a right of first refusal and therefore constitute the persons to whom notice is required in the event of an attempted sale. Each of such persons has a right to purchase. Even if a sale does take place to a third-party purchaser, the same right extends to the remainder of such 39 persons and continues until the death of the last of the seven named grantees.
From the admitted facts, I conclude there is a significant restraint on the right of sale of each of the seven parties involved in the contract. Where a party contends this is an unreasonable restraint, that contention appears sufficient to warrant declaratory judgment.
Section 27-8-202, MCA, (a part of the Uniform Declaratory Judgment Act) in pertinent part states:
“Any person interested under a... written contract... or whose rights... are affected by a ... contract... may have determined any question of construction or validity under the... contract and obtain a declaration of rights...”
With regard to the interpretation of a contract, the foregoing is buttressed by section 27-8-203, MCA, which provides:
“A contract may be construed either before or after there has been a breach thereof.”
This appears to negative a requirement for something in the nature of breach. It seems clear that under the specific wording of the statute, the parties are entitled to a declaration of their rights under the present facts. Apparently the majority is suggesting that there should have been a showing of an intention to sell property by one of the parties and of some type of adverse effect, or a completed sale and *528 an objection by a third party seeking to be relieved from the pre-emptive clause. I do not find that type of a fact situation is necessary in order to determine that a justiciable controversy exists under the Act. As stated by this Court in Lee v. State (Mont.1981), 635 P.2d 1282 at 1284:
“The test of whether a justiciable controversy exists is set forth in Matter of Secret Grand Jury Inquiry (1976), 170 Mont. 354, 357, 553 P.2d 987, 990. There this Court said:
“ ‘First, a justiciable controversy requires that parties have existing and genuine, as distinguished from theoretical, rights or interest. Second, the controversy must be one upon which the judgment of the court may effectively operate, as distinguished from a debate or argument invoking a purely political, administrative, philosophical or academic conclusion. Third, must be a controversy the judicial determination of which will have the effect of a final judgment in law or decree in equity upon the rights, status or legal relationships of one or more of the real parties in interest, or lacking these qualities be of such overriding public moment as to constitute the legal equivalent of all of them.’ ”
First, the parties here have a genuine and existing property interest which on its face is affected by a restraint on the power of sale, and therefore meets the first test. Second, the judgment of this Court could effectively operate because it would determine that the restraint on alienation was to remain controlling or was in fact void. That is clearly not a philosophical or academic conclusion. Third, a conclusion by the court as to the validity or invalidity of the restraint would certainly be a judicial determination which would have the effect of a final judgment in law upon the rights of these parties. At that point it seems to me that the parties have met the tests previously stated by this Court.
In City of Billings v. Public Service Commission (Mont.1981), 631 P.2d 1295, the City requested the court to decide whether a 1963 contract with a District was valid and binding and whether this contract required the City to supply water mains and to serve an increased district area *529 without limitation, as well as other requests. The District Court concluded the contract was valid and binding. This Court approved that determination. We did not suggest that the City had to wait until requested to supply additional water mains or until asked to serve an increased area of the District before determining the respective rights of the parties to the contract.
In a similar manner, I do not think it is appropriate here to require a party to attempt to sell the property, to give the very extensive notices required, and to somehow prove that the restraint has reduced the value of the property. That would be difficult, time consuming and expensive.
Here we have a very real restraint on the right of sale which on its face will have an adverse affect on sale. The question is whether that restraint should be maintained or not. That constitutes a justiciable controversy under the Uniform Declaratory Judgment Act, similar to City of Billings.
I would decide the case on its merits.
MR. JUSTICES GULBRANDSON and SHEA join in the foregoing dissent of JUSTICE WEBER.